UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No. EDCV 12-688 GHK (AJW)                    Date: May 8, 2012

**TITLE:** <u>FREDERICK RAYMOND COTE v. B. CASH</u>

PRESENT:   **HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE**

<u>    Ysela Benavides    </u>                   <u>    Not Present    </u>
Deputy Clerk                                Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**   **ATTORNEYS PRESENT FOR DEFENDANTS:**
           None                                    None

**ORDER TO SHOW CASE WHY PETITION SHOULD NOT BE DISMISSED AS UNTIMELY**

Petitioner filed this petition for writ of habeas corpus on April 9, 2012.[1]

From the face of the petition, it appears that it is barred by the one-year period of limitation set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). According to the petition, petitioner was convicted in 1994, and the California Supreme Court denied his petition for review on April 2, 1997. [Petition at 2-3]. Thus, it appears that petitioner's conviction became final in July, 1997. Consequently, petitioner had one year – or until July 1998 – to file a federal petition. See <u>Patterson v. Stewart</u>, 251 F.3d 1243, 1245-1246 (9th Cir.), <u>cert. denied</u>, 534 U.S. 978 (2001).

This petition was not filed until April 9, 2012, nearly fourteen years after the limitation period expired. Thus, absent grounds for statutory, <u>see</u> 28 U.S.C. § 2244(d)(1) and (2), or equitable tolling of the limitation period, the petition is time-barred.

---

    [1]    Although the petition was filed by the Clerk's Office on April 17, 2012, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petitions is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See <u>Houston v. Lack</u>, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court). The Court assumes that petitioner handed his petition to the proper prison officials on the date he signed it.

It does not appear that petitioner filed any state habeas petitions during the relevant period. Although petitioner filed habeas petitions in state court, his first such petition was filed in 2009 [Petition at 4], more than a decade after the limitation period already expired. Therefore, it is likely that these petitions do not toll the already-expired limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003).

Furthermore, petitioner has not provided an adequate explanation for the lengthy delay in filing his federal habeas petition that might entitle him to equitable tolling of the one year statute of limitation. The Supreme Court explained that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005). "In this circuit, equitable tolling of the filing deadline for a habeas petition is available 'only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.'" Lott v. Mueller, 304 F.3d 918, 924 (9th Cir. 2002) (citation and quotation omitted). Equitable tolling may be appropriate when "external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim." Lott, 304 F.3d at 925(citation omitted).

Petitioner may be entitled to a later starting date based upon his allegation of newly discovered evidence. [Petition at 5]. Under section 2244(d)(1)(D), a petition is timely if it is filed no later than a year from the date on which the factual predicate of the claims "could have been discovered through the exercise of due diligence." As the Ninth Circuit has explained, under section 2244(d)(1)(D), the limitation period does not begin until the petitioner knows, or through diligence could discover, the important facts underlying his claim, not when petitioner recognizes the legal significance of these facts. Hasan v. Galaza, 254 F.3d 1150, 1154 & n. 3 (9th Cir. 2001) (citing Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2000) ("Time begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance.")). Petitioner, however, has not explained when he discovered the factual predicate of his claims, nor has he provided the Court with any explanation of what action he took in an effort to discover and present his claims and why he could not have discovered the factual predicate for his claims earlier.

Petitioner shall show cause why the petition should not be dismissed as untimely by filing a response to this order within twenty-eight (28) days of the date of this order. In the response to this order, petitioner must describe in detail the steps he took in an effort to uncover the factual basis for his claims. He also shall, if

possible, attach copies of any state petition he filed and the state court's decision addressing each such petition. **All** facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury, see 28 U.S.C. §1746, or in properly authenticated documents. Petitioner must describe specifically the nature and duration of any extraordinary circumstances and their consequences in a declaration signed by him under penalty of perjury. Petitioner shall also include with his response properly authenticated prison records or documents which demonstrate any circumstance which petitioner believes impeded his ability to timely file his petition.

Petitioner's failure to timely file a response to this order may result in the dismissal of his petition.

**IT IS SO ORDERED.**

cc: Parties

MINUTES FORM 11                                    Initials of Deputy Clerk_____
CIVIL-GEN